UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdul Jameer Shaik, beneficiary/general executor/general guardian,<br><br>Plaintiff,<br><br>v.<br><br>Kelly L. Olmstead,<br><br>Defendant. | Case No. 24-CV-1898 (SRN/DLM)<br><br><br>**ORDER DISMISSING CASE** |

SUSAN RICHARD NELSON, United States District Judge

Plaintiff Abdul Jameer Shaik brings this action seeking relief from a state-court judge pursuant to 18 U.S.C. § 241 and 18 U.S.C. § 242. Federal district courts are permitted to dismiss an action *sua sponte* where the action is found to be frivolous. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Statutory provisions may simply codify existing rights or powers. [28 U.S.C. §] 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision"); *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996). This action is frivolous and will be dismissed accordingly.

A case is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Shaik's pleading lacks an arguable basis *both* in law and in fact. First, with respect to the law: Shaik simply cannot seek relief pursuant to § 241 or § 242. These provisions are criminal laws that do not supply a right

1

of action to private litigants. *See Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) (noting that "[c]riminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are . . . poor candidates for the imputation of private rights of action. (Quotation omitted)); *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under § 241"); *Horde v. Elliot*, No. 17-CV-0800 (WMW/SER), 2018 WL 987683, at *10 (D. Minn. Jan. 9, 2018) (collecting cases for proposition that § 242 does not supply a private right of action).

The lack of a private right of action under § 241 and § 242 is basis enough upon which to dismiss this action as frivolous, but Shaik's complaint is also frivolous with respect to the factual basis upon which he is seeking relief.  Shaik is currently the subject of criminal proceedings pending before the defendant in state court.  *See State of Minnesota v. Shaik*, No. 62-CR-23-5445 (Minn. Dist. Ct.).  As part of those criminal proceedings, Shaik has filed various documents of the "Moorish National Republic" and "Moroccan Empire" that purport to have legal authority, *see* Doc. Nos. 1-1 & 1-2, and Shaik regards the defendant as being in violation of those documents.  Challenges like these to criminal prosecutions are routinely rejected as frivolous when filed in federal court, *see Shepherd v. Payne*, No. 4:20-CV-0844 (KGB/BD), 2020 WL 8513838, at *1 (E.D. Ark. July 22, 2020), and there is no reason to believe that Minnesota law would regard the documents as anything other than frivolous as well.  There is simply no arguable factual basis upon which Shaik could seek relief from the defendant.

Accordingly, this action will be dismissed *sua sponte* as frivolous.

**CONCLUSION**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that this matter is **DISMISSED AS FRIVOLOUS**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: May 28, 2024                                              s/Susan Richard Nelson
                                                                 SUSAN RICHARD NELSON
                                                                 United States District Judge